ATTORNEY GENERAL ROBERT HENRY HAS ASKED ME TO RESPOND TO YOUR INQUIRY REFERENCED ABOVE. IT APPEARS YOUR QUESTIONS MAY BE ANSWERED BY REFERENCE EITHER TO UNAMBIGUOUS STATUTES OR CLEARLY CONTROLLING CASE LAW THAT THE INFORMATION YOU REQUESTED HAS ALREADY BEEN ADDRESSED AND THEREFORE, A FORMAL ATTORNEY GENERAL'S OPINION IS NOT NEEDED.
YOUR FIRST QUESTION IS WHETHER THE LANGUAGE OF 10 O.S. 1114(A) (1981) REQUIRES A JUDGE TO MAKE A SPECIFIC FINDING THAT THE CHILD IS DEPRIVED, DELINQUENT, IN NEED OF SUPERVISION OR IN NEED OF TREATMENT. IT IS MY CONCLUSION THAT SUCH A FINDING IS REQUIRED IN JUVENILE PROCEEDINGS.
IN THE MATTER OF CHRISTINA T., 590 P.2D 189, 192 (OKL. 1979), HELD THAT SINCE THE PETITION IN A JUVENILE PROCEEDING IS DEEMED CONTROVERTED IN ALL RESPECTS UPON ITS FILING, THE STATUTE DEMANDS A FINDING AS TO THE TRUTH OF THE PETITION'S ALLEGATIONS AS WELL AS A FINDING THAT IT IS IN THE BEST INTERESTS OF THE CHILD AND THE PUBLIC THAT THE CHILD BE MADE A WARD OF THE COURT. SINCE ONE OF THE ALLEGATIONS OF THE PETITION IN SUCH A PROCEEDING IS THAT A CHILD IS DEPRIVED, DELINQUENT, IN NEED OF SUPERVISION OR IN NEED OF TREATMENT, A FINDING AS TO THAT ALLEGATION IS REQUIRED. THIS DOES NOT PRECLUDE A STIPULATION AS TO THAT FACT, ID.; HOWEVER, THE RECORD WOULD HAVE TO REFLECT SUCH A STIPULATION. AGAIN, A FINDING WOULD HAVE BEEN MADE BY THE COURT IN ITS ACCEPTANCE OF THE STIPULATION.
YOUR SECOND QUESTION IS WHETHER 10 O.S. 1109(B) REQUIRES A JUDGE TO APPOINT COUNSEL FOR A CHILD BEFORE THE JUDGE ACTS ON A PETITION TO ORDER THE CHILD INTO THE CUSTODY OF A PRIVATE AGENCY. UNDER THAT STATUTE, WHENEVER A PETITION IS FILED PURSUANT TO THE PROVISIONS OF 10 O.S. 1103 (1981), THE COURT SHALL APPOINT A SEPARATE ATTORNEY FOR THE CHILD REGARDLESS OF ANY ATTEMPTED WAIVER BY THE PARENT OR OTHER LEGAL GUARDIAN. THUS, IF THE PETITION IS FILED PURSUANT TO 1103, APPOINTMENT OF COUNSEL FOR THE CHILD IS MANDATED BY THE LAW.
VERY RECENTLY THE OKLAHOMA COURT OF APPEALS HELD THAT THE TRIAL COURT ERRED WHEN A MOTHER WAS ALLOWED TO VOLUNTARILY TERMINATE HER PARENTAL RIGHTS WITHOUT NOTICE TO THE CHILD OR TO THE STATE OF OKLAHOMA. IN THE MATTER OF MSM, 781 P.2D 332 (OKL.APP. 1989). MOST IMPORTANT, THE COURT SAID,
"A TRIAL COURT SHOULD NOT TERMINATE PARENTAL RIGHTS IN ANY SITUATION WITHOUT AFFORDING ALL PARTIES THE OPPORTUNITY TO PRESENT EVIDENCE ON ALL ISSUES.
EVEN THOUGH 10 O.S. 1130(D) (REFERRING TO 10 O.S. 1130(D) (1988)) MIGHT BE INTERPRETED TO AUTHORIZE A PARENT TO FILE A PETITION TO TERMINATE HIS OR HER OWN PARENTAL RIGHTS, CERTAINLY THE PROCEDURAL PROTECTIONS OF THE JUVENILE CODE MUST BE CONSIDERED. OTHERWISE, THE LEGISLATURE WOULD NOT HAVE APPENDED THAT AUTHORIZATION TO THE JUVENILE CODE."
ID. AT 334.
WHILE THE FACTS OF THIS CASE WERE BASED ON A SITUATION WHERE THERE WAS A DELINQUENCY PROCEEDING PENDING AGAINST THE CHILD WHEN THE MOTHER TOOK HER VOLUNTARY ACTION, THE COURT'S COMMENTS QUOTED ABOVE REFLECT THE IMPORTANCE PLACED BY THE COURT ON THE REPRESENTATION OF THE CHILD'S AND THE STATE'S INTERESTS IN ANY PROCEEDING INVOLVING THE CUSTODY AND CARE OF A CHILD.
YOUR THIRD AND FINAL QUESTION IS WHETHER A PRIVATE AGENCY CAN PROSECUTE A PETITION FILED UNDER CHAPTER 51 OF TITLE 10, 10 O.S. 1101, ET SEQ., WITHOUT THE KNOWLEDGE OR PARTICIPATION OF THE DISTRICT ATTORNEY'S OFFICE. AGAIN, THE STATUTE AND CASE LAW ARE CLEAR ON THIS POINT.
ACCORDING TO THE CASE LAW CITED BY YOU IN YOUR REQUEST, DAVIS V. DAVIS, 708 P.2D 1102 (OKL. 1985), ONLY THE DISTRICT ATTORNEY HAS STANDING TO BRING CASES UNDER THE JUVENILE CODE. ID. AT 1106-1107; SEE ALSO 10 O.S. 1109(E). THUS, A PRIVATE AGENCY HAS NO STANDING TO PROSECUTE AN ACTION UNDER 10 O.S. 1101, ET SEQ.
(ELIZABETH J. BRADFORD)